# Superior Court of the District of Columbia

(LT) Rec'd 3.14.19 Cert. Mail

CIVIL DIVISION- CIVIL ACTIONS BRANCH
INFORMATION SHEET

Patricia Bush                           Case Number: __2019 CA 001110 B__

vs                                      Date: _____

Washington Metropolitan Area Transit Authority

☐ One of the defendants is being sued in their official capacity.

| Name: (Please Print) Brian K. McDaniel | Relationship to Lawsuit |
|---|---|
| Firm Name: The McDaniel Law Group, PLLC | ☒ Attorney for Plaintiff |
| Telephone No.: (202) 331-0793   Six digit Unified Bar No.: 452807 | ☐ Self (Pro Se) ☐ Other: _____ |

TYPE OF CASE:  ☐ Non-Jury     ☐ 6 Person Jury     ☒ 12 Person Jury
Demand: $10,000,000.                          Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED
Case No.: _____  Judge: _____  Calendar #: _____

Case No.: _____  Judge: _____  Calendar #: _____

## NATURE OF SUIT:   (Check One Box Only)

**A. CONTRACTS**                                    **COLLECTION CASES**

☐ 01 Breach of Contract
☐ 02 Breach of Warranty
☐ 06 Negotiable Instrument
☐ 07 Personal Property
☐ 13 Employment Discrimination
☐ 15 Special Education Fees

☐ 14 Under $25,000 Pltf. Grants Consent
☐ 17 OVER $25,000 Pltf. Grants Consent
☐ 27 Insurance/Subrogation Over $25,000 Pltf. Grants Consent
☐ 07 Insurance/Subrogation Under $25,000 Pltf. Grants Consent
☐ 28 Motion to Confirm Arbitration Award (Collection Cases Only)

☐ 16 Under $25,000 Consent Denied
☐ 18 OVER $25,000 Consent Denied
☐ 26 Insurance/Subrogation Over $25,000 Consent Denied
☐ 34 Insurance/Subrogation Under $25,000 Consent Denied

**B. PROPERTY TORTS**

☐ 01 Automobile
☐ 02 Conversion
☐ 07 Shoplifting, D.C. Code § 27-102 (a)
☐ 03 Destruction of Private Property
☐ 04 Property Damage
☐ 05 Trespass

**C. PERSONAL TORTS**

☐ 01 Abuse of Process
☐ 02 Alienation of Affection
☐ 03 Assault and Battery
☐ 04 Automobile- Personal Injury
☐ 05 Deceit (Misrepresentation)
☐ 06 False Accusation
☐ 07 False Arrest
☐ 08 Fraud

☐ 10 Invasion of Privacy
☐ 11 Libel and Slander
☐ 12 Malicious Interference
☐ 13 Malicious Prosecution
☐ 14 Malpractice Legal
☐ 15 Malpractice Medical (Including Wrongful Death)
☐ 16 Negligence- (Not Automobile, Not Malpractice)

☐ 17 Personal Injury- (Not Automobile, Not Malpractice)
☒ 18 Wrongful Death (Not Malpractice)
☐ 19 Wrongful Eviction
☐ 20 Friendly Suit
☐ 21 Asbestos
☐ 22 Toxic/Mass Torts
☐ 23 Tobacco
☐ 24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE ☐ IF USED

CV-496/June 2015

# Information Sheet, Continued

**C. OTHERS**
- ☐ 01 Accounting
- ☐ 02 Att. Before Judgment
- ☐ 05 Ejectment
- ☐ 09 Special Writ/Warrants (DC Code § 11-941)
- ☐ 10 Traffic Adjudication
- ☐ 11 Writ of Replevin
- ☐ 12 Enforce Mechanics Lien
- ☐ 16 Declaratory Judgment
- ☐ 17 Merit Personnel Act (OEA) (D.C. Code Title 1, Chapter 6)
- ☐ 18 Product Liability
- ☐ 24 Application to Confirm, Modify, Vacate Arbitration Award (DC Code § 16-4401)
- ☐ 29 Merit Personnel Act (OHR)
- ☐ 31 Housing Code Regulations
- ☐ 32 Qui Tam
- ☐ 33 Whistleblower

**II.**
- ☐ 03 Change of Name
- ☐ 06 Foreign Judgment/Domestic
- ☐ 08 Foreign Judgment/International
- ☐ 13 Correction of Birth Certificate
- ☐ 14 Correction of Marriage Certificate
- ☐ 26 Petition for Civil Asset Forfeiture (Vehicle)
- ☐ 27 Petition for Civil Asset Forfeiture (Currency)
- ☐ 28 Petition for Civil Asset Forfeiture (Other)
- ☐ 15 Libel of Information
- ☐ 19 Enter Administrative Order as Judgment [ D.C. Code § 2-1802.03 (h) or 32-1519 (a)]
- ☐ 20 Master Meter (D.C. Code § 42-3301, et seq.)
- ☐ 21 Petition for Subpoena [Rule 28-I (b)]
- ☐ 22 Release Mechanics Lien
- ☐ 23 Rule 27(a)(1) (Perpetuate Testimony)
- ☐ 24 Petition for Structured Settlement
- ☐ 25 Petition for Liquidation

**D. REAL PROPERTY**
- ☐ 09 Real Property-Real Estate
- ☐ 12 Specific Performance
- ☐ 04 Condemnation (Eminent Domain)
- ☐ 10 Mortgage Foreclosure/Judicial Sale
- ☐ 11 Petition for Civil Asset Forfeiture (RP)
- ☐ 08 Quiet Title
- ☐ 25 Liens: Tax / Water Consent Granted
- ☐ 30 Liens: Tax / Water Consent Denied
- ☐ 31 Tax Lien Bid Off Certificate Consent Granted

_____  
Attorney's Signature

02/14/19  
Date

CV-496/ June 2015



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

_Patricia Bush_
                                                                Plaintiff

vs.                                                             Case Number _____

_Washington Metropolitan Area Transit Authority_
                                                                Defendant

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

_Brian K. McDaniel_
Name of Plaintiff's Attorney                                    _Clerk of the Court_

_1920 L Street, N.W., Suite 303_
Address                                                         By _____
_Washington DC 20036_                                                      Deputy Clerk

_(202) 331-0793_
Telephone                                                       Date _____

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시오    የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

**IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._**

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011

CASUM.doc



**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Teléfono: (202) 879-1133

_____
                    Demandante
    contra
                                                    Número de Caso: _____
_____
                    Demandado

## CITATORIO

Al susodicho Demandado:

    Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

    A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

_____        *SECRETARIO DEL TRIBUNAL*
Nombre del abogado del Demandante

_____        Por: _____
Dirección                                                              Subsecretario

_____
                                                    Fecha _____
_____
Teléfono
如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요.    ያአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, _NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO_.

    Si desea converser con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CASUM.doc



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

_Patricia Bush_
---
Plaintiff

vs.

Case Number _____

_Jane Doe_
---
Defendant

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

_Brian K. McDaniel_
Name of Plaintiff's Attorney

_1920 L Street, N.W., Suite 303_
Address

_Washington DC 20036_

_(202) 331-0793_
Telephone

Clerk of the Court

By _____
Deputy Clerk

Date _____

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시오    የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011

CASUM.doc



**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Teléfono: (202) 879-1133

_____
                                  Demandante
          contra
                                                          Número de Caso: _____
_____
                                  Demandado

## CITATORIO

Al susodicho Demandado:

    Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

    A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

_____          *SECRETARIO DEL TRIBUNAL*
Nombre del abogado del Demandante

_____          Por: _____
Dirección                                                                        Subsecretario

_____

_____          Fecha _____
Teléfono

如需翻译,请打电话 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction     Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시요     ያማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, _NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO._

Si desea conversar con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CASUM.doc

# IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
(Civil Division)

| | |
|---|---|
| **PATRICIA BUSH**, as Personal Representative of the Estate of Charles Sylvester Bush<br>6222 Otis Street<br>Cheverly, Maryland 20785<br><br>**Plaintiff,**<br><br>v.<br><br>**WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY**<br>600 5th Street, N.W.,<br>Washington D.C. 20001<br><br>And<br><br>**JANE DOE**, Employee of Defendant WMATA and in his personal capacity<br>600 5th Street, N.W.,<br>Washington D.C. 20001<br><br>**Defendants.** | Case No.: 2019 CA 001110 B |

## COMPLAINT AND JURY DEMAND

COMES NOW, Plaintiff, Patricia Bush, Personal Representative of the Estate of Charles Sylvester Bush, by and through her attorneys, Brian K. McDaniel, Esq., and The McDaniel Law Group, P.L.L.C., and states the following:

### PRELIMINARY STATEMENT

1. Plaintiff, Patricia Bush, as Personal Representative of the Estate of Charles Sylvester Bush, by and through counsel, hereby brings this action for damages arising from the death of Charles Sylvester Bush. Plaintiff states that the Defendant, Washington Metropolitan Area Transit Authority demonstrated through its agents, Defendant, Jane Doe, a reckless disregard and

1

deliberate indifference to the safety, health and well-being of Charles Sylvester Bush by failing to ensure that he was safely transported to the door of his residence. This failure on the part of the Defendants resulted in Charles Sylvester Bush falling and severely injuring his body which subjected him to physical and mental pain and suffering and ultimately his death.

## PARTIES

2. Plaintiff Patricia Bush is the daughter and Personal Representative of the Estate of Charles Sylvester Bush. Ms. Bush was at all times relevant hereto a citizen and resident of Prince George's County Maryland residing at 6222 Otis Street, Cheverly, Maryland 20785.

3. Decedent, Charles Sylvester Bush, (hereinafter referred to as 'Plaintiff's Decedent) was a life-long resident of the District of Columbia and resided at 4729 1st Street, S.W., Apt # 201, Washington D.C. 20032 at the time of this death.

4. Defendant Washington Metropolitan Area Transit Authority (herein after referred to as "WMATA") is an interstate quasi-governmental entity that provides public bus and rail transportation to residents of the State of Maryland, District of Columbia and the Commonwealth of Virginia, and has its principal place of business in Washington D.C. WMATA also offers a shared-ride, door-to-door, paratransit service to individuals with disabilities that are unable to use the bus or rail. This service is known as MetroAccess.

5. Defendant Jane Doe was at all times relevant an employee of Defendant WMATA and the individual that operated the Metro Access Bus on which Plaintiff's Decedent was traveling on November 30, 2016.

## JURISDICTION AND VENUE

6. Jurisdiction is vested in this Court pursuant to D.C. Code § 11-921 (2001 Edition, as amended.).

2

7.  The venue of this claim is proper in the District of Columbia, as it is the venue in which the tortious injury occurred and where the conduct which directly and proximately caused the injury occurred.

## FACTS

8.  WMATA offers transportation to the public of the State of Maryland, the District of Columbia and the Commonwealth of Virginia in the form of rail and bus transportation.

9.  For those members of the public that are unable to use the bus or rail service because of a disability, WMATA offers MetroAccess Service.

10. MetroAccess is a shared ride public transportation service for individuals who are unable to used fixed-route public transit due to disability. Shared ride means that multiple passengers may ride together in the same vehicle.

11. The service provides daily trips throughout the Transit Zone in the Washington Metropolitan region. The Transit Zone consists of the District of Columbia, the suburban Maryland counties of Montgomery and Prince George's, the Northern Virginia counties of Arlington and Fairfax, and the cities of Alexandria, Fairfax and Falls Church. Rides are offered in the same service areas and during the same hours of operation as Metrorail and Metrobus.

12. MetroAccess also provides door-to-door service. Door-to-door service means that MetroAccess drivers escort customers from the outermost exterior door of the customer's pick-up address and onto the vehicle, and from the vehicle to the outermost exterior door of the customer's drop-off address.

13. The MetroAccess Customer Bill of Rights requires that customers be transported in a safe manner.

3

14. On November 30, 2016, Plaintiff's Decedent resided at 4729 1st Street, S.W., Apt # 201, Washington D.C. 20032. The residence located at 4729 1st Street, S.W., Washington D.C. 20032 is a brick apartment complex that is enclosed by a black fence. There is a paved walkway that leads to the outermost doorway of the apartment complex.

15. On November 30, 2016, Plaintiff's Decedent had a scheduled dialysis treatment appointment at Washington Hospital Center located at 110 Irving Street, N.W., Washington D.C. 20010 for which he used the services of MetroAccess to get to and from. When the operator of the MetroAccess bus picked him up, the operator met the Plaintiff's Decedent at the outermost doorway to the apartment complex.

16. On November 30, 2016, Plaintiff's Decedent utilized a walker to assist with his movement.

17. On November 30, 2016, Plaintiff's Decedent was picked up at Washington Hospital Center between 5:00 pm and 6:00 pm to be taken to his residence at 4729 1st Street, S.W., Washington D.C. 20032.

18. November 30, 2016 was a cold and rainy day.

19. Upon arriving at the Plaintiff's Decedent's residence located at 4729 1st Street, S.W., Washington D.C. 20032, the MetroAccess operator removed the Plaintiff's Decedent from the bus into a grassy area of the sidewalk. As the Plaintiff's Decedent attempted to maneuver his way from the grassy area to the sidewalk using his walker, his walker became stuck in the wet grassy area causing him to fall to the ground.

20. Once on the ground, Plaintiff's Decedent was unable to get back to his feet as a result of pain in his hip area. Plaintiff's Decedent lay in the cold wet grass until emergency personnel arrived on the scene.

21. Plaintiff's Decedent was transported to Howard University Hospital where he was examined and diagnosed with a fractured hip.

22. Surgery was recommended to repair the fractured hip and on December 2, 2016, Plaintiff's Decedent underwent a surgical procedure to repair the fractured hip.

23. Plaintiff's Decedent remained at Howard University Hospital until his death on February 20, 2017 as a result of the injury to his hip.

24. WMATA's employee Defendant Jane Doe did not escort Plaintiff's Decedent to the outermost exterior door of his apartment building as was required but instead dropped him on a grassy and damp part of the sidewalk.

25. The outermost exterior door of Plaintiff's Decedent apartment was no more than 150 feet from the vehicle.

26. WMATA's employee Defendant Jane Doe could maintain sight of the MetroAccess vehicle at all times from the paved walkway leading to the Plaintiff's Decedent outermost exterior door to his apartment building.

27. There is a paved walkway that leads from the sidewalk bordering the premises to the outermost exterior door of the Plaintiff's Decedent apartment building. The walkway was safe and free from any encumbrances.

28. There was safe parking on 1st Street, S.W., Washington D.C. in front of Plaintiff's Decedent's apartment building and the MetroAccess bus was not blocking or impeding traffic.

29. WMATA employee Defendant Jane Doe did not contact the Call Center to report to the dispatcher the reason door-to-door service could not be provided as is required to do when an operator cannot provide door to door service.

30. As a result of the negligence of WMATA, by and through its agent, Jane Doe and her breaches of her duties to Plaintiff's Decedent resulted in the injury to his hip and his subsequent death.

31. On February 12, 2019, Plaintiff Patricia Bush was appointed as Personal Representative of the Estate of Charles Sylvester Bush in the matter of In Re: Charles Sylvester Bush with Case No.: 2019 ADM 000128.

## COUNT I – WRONGFUL DEATH
### (As to all Defendants)

32. Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

33. Plaintiff brings this action in her own right and on behalf of the wrongful death beneficiaries of Plaintiff's Decedent pursuant to D.C. Code § 16-2701.

34. As a direct result of the wrongful acts committed by the Defendants, Plaintiff incurred burial expenses, medical expenses and other damages recoverable under the Act.

35. Defendants failed to provide safe transportation for the Plaintiff's Decedent to the outermost exterior door of his apartment building. Defendants failed to escort the Plaintiff's Decedent to outermost exterior door and left him in an unreasonably unsafe position. Defendants left the Plaintiff's Decedent in a grassy and damp area which made the maneuvering of his walker extremely difficult.

36. As a proximate result of the Defendants negligence and failure to transport the Plaintiff's Decedent in a safe manner, Plaintiff's Decedent sustained significant injury to his hip. Plaintiff's Decedent was transported to Howard University Hospital from the scene of the fall where he was diagnosed with a fractured hip. On December 2, 2016, Plaintiff's Decedent underwent a surgical procedure to repair the fractured hip.

37. On February 20, 2017 after more than two months at Howard University Hospital, the Plaintiff's Decedent died as a result of the injuries sustained to his hip.

## COUNT II – SURVIVAL ACT
### (As to all Defendant)

38. Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

39. Pursuant to the Survival Act, D.C. Code § 12-101, Plaintiff's Decedent's right to action for wrongful and negligent conduct against the Defendants survives in favor of Plaintiff.

40. Defendants failed to transport the Plaintiff's Decedent in a safe manner by failing to escort him to the outermost exterior door and instead left him in a damp and grassy area with his walker.

41. Defendants knew or should have known that leaving Plaintiff's Decedent in a damp grassy area on a wet day with a walker could place the Plaintiff's Decedent in danger of falling and being injured.

42. As a direct and proximate result of the negligent acts of the Defendants, Plaintiff's Decedent suffered considerable pain and suffering prior to his death.

43. As a direct and proximate result of the negligent acts of the Defendants, Plaintiff's Decedent suffered considerable mental anguish, fear, and emotional distress prior to his death.

44. As a direct and proximate result of the negligent acts of the Defendant, Plaintiff's Decedent suffered non-economic damages recoverable under the applicable District of Columbia.

45. As a direct and proximate result of the negligent acts of the Defendants, Plaintiff's Decedent suffered serious and debilitating injuries.

## COUNT III – NEGLIGENCE
### (As to all Defendants)

46. Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

47. Defendants were negligent and careless in the manner in which the Plaintiff's Decedent was transported to his residence when Plaintiff's Decedent was not escorted to the outermost exterior door of his apartment building but left on a grassy damp area on the sidewalk with his walker resulting in him falling to the ground.

48. As a result of the collision, Plaintiff's Decedent did sustain injuries to his body and ultimately died as a result of the injuries.

49. Defendants owed a duty to the Plaintiff's Decedent to use due care and caution in his transportation to his residence. Defendants were required to act in a manner to reasonably protect the safety, health and life of the Plaintiff's Decedent.

50. Contrary to the duties owed to the Plaintiff's Decedent, Defendants were negligent, careless and reckless with respect to the following:

   a. Failing to escort the Plaintiff's Decedent to the outermost exterior door of his drop-off point;

   b. Failing to drop-off the Plaintiff's Decedent in a safe place which would permit him to get to his residence in a safe manner.

51. Defendants' breach of its duties of care subjected the Plaintiff's Decedent to a foreseeable, unreasonable risk of harm. As a direct and proximate result of the above described breaches, the Plaintiff's Decedent fell and sustained severe and grievous physical injury, mental pain and suffering, and loss of life with no negligence or lack of due care on his part contributing thereto.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court award judgment against the Defendants, WMATA and Jane Doe. Plaintiff further requests the following relief:

a. That the Court award Plaintiff damages in the amount of not less than ten million dollars ($10,000,000.00) against the Defendants;

b. That the Court award pre-judgment interest on all sums due to the Plaintiff identified in this action;

c. That the Court award attorney's fees and costs of this action incurred by Plaintiff identified in this action;

d. That the Court award monetary relief to each of the heirs entitled to the same pursuant to the Wrongful Death Act. D.C. Code § 16-2701.

e. That the Court award such other and further relief as may be proper and to which Plaintiff is entitled.

## JURY DEMAND

Plaintiff demands a jury trial in this matter.

Respectfully submitted,

THE MCDANIEL LAW GROUP, P.L.L.C.

Brian K. McDaniel, Esq. [452807]
1920 L Street, N.W., Suite 303
Washington D.C. 20036
Tel: 202-331-0793
Fax: 202-331-7004



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**
Civil Actions Branch
**500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001**
Telephone: (202) 879-1133 • Website: www.dccourts.gov

PATRICIA BUSH
   Vs.                                    C.A. No.    2019 CA 001110 B
WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY et al

## INITIAL ORDER AND ADDENDUM

    Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("Super. Ct. Civ. R.") 40-I, it is hereby **ORDERED** as follows:

    (1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

    (2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the summons, the complaint, and this Initial Order and Addendum. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in Super. Ct. Civ. R. 4(m).

    (3) Within 21 days of service as described above, except as otherwise noted in Super. Ct. Civ. R. 12, each defendant must respond to the complaint by filing an answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in Super. Ct. Civ. R. 55(a).

    (4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an initial scheduling and settlement conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

    (5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than seven business days before the scheduling conference date.
No other continuance of the conference will be granted except upon motion for good cause shown.

    (6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

                                                                           Chief Judge Robert E. Morin

Case Assigned to: Judge ROBERT R RIGSBY
Date: February 25, 2019
Initial Conference: 10:00 am, Friday, May 31, 2019
Location: Courtroom 201
         500 Indiana Avenue N.W.
         WASHINGTON, DC 20001

                                                                                                                                                  CAIO-60

# ADDENDUM TO INITIAL ORDER AFFECTING ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. D.C. Code § 16-2825 Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Actions Branch. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Robert E. Morin

CAIO-60

